**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREAT BOWERY INC. d/b/a "Trunk Archive", a Delaware corporation; ANNIE LEIBOVITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SEMINOLE HARD ROCK DIGITAL, LLC. d/b/a "Hard Rock Digital", a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiffs, Annie Leibovitz and Great Bowery, Inc., (collectively "Plaintiffs") by their attorneys Doniger / Burroughs, as and for their complaint against defendant Seminole Hard Rock Digital, LLC d/b/a Hard Rock Digital allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) and (b)(3) because it is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and because at least one Defendant is subject to this Court's personal jurisdiction.

## PARTIES

4. Plaintiff Annie Leibovitz is an individual residing in New York City.

5. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a Delaware corporation with its principal place of business in New York.

6. On information and belief, Defendant Seminole Hard Rock Digital, LLC d/b/a Hard Rock Digital ("Defendant" or "SHRD") is a Delaware limited liability company doing business in and with the State of New York through the Hard Rock hotel and café locations in the state.

7. Defendants Does 1 through 10, inclusive, are other parties who have infringed Plaintiffs' copyright, have contributed to the infringement of Plaintiffs' copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and will

2

seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

9. Leibovitz is a world-renowned photographer acclaimed for capturing celebrity portraits with profound intimacy and insight, including the likes of John Lennon, Bill Clinton, Clint Eastwood, Queen Elizabeth, and many more. Leibovitz's work has been featured in *Vanity Fair* and *Rolling Stone* as well as the National Portrait Gallery.

10. Trunk Archive is a full-service photography licensing and syndication agency who represents some of the most prominent photographers in the world, including Leibovitz.

11. Trunk Archive is the exclusive licensee with the right to display, distribute, or otherwise authorize the use of certain works of the photographers they represent, including the works at issue here.

12. Leibovitz created and owns the original photograph of actor Danielle Radcliffe appearing in character for the *Harry Potter* film series, depicted below ("Subject Photograph"):

///

///

///

| SUBJECT PHOTOGRAPH |
|---|
|  |

13. Leibovitz is the owner of the copyright in the Subject Photograph and registered the copyrights for same with the United States Copyright Office prior to the acts complained of herein under Registration No. VA 1-718-255. Leibovitz provided Trunk Archive an exclusive license for certain rights in the Subject Photograph as set forth above.

14. Prior to the acts complained of herein, Plaintiffs widely publicly displayed and disseminated the Subject Photograph, including through Trunk Archive's offering same for license.

15. Leibovitz and Trunk Archive routinely include identifying copyright management information with the Subject Photograph, including metadata.

16. On information and belief, Plaintiffs allege that SHRD is an online sports betting and casino platform and digital media conglomerate that develops, owns, markets, operates, and

brands online gaming and retail sports betting businesses, operated in connection with the "Hard Rock" brand of hotels and restaurants.

17. On information and belief, Plaintiffs further allege that SHRD owns and operates a commercial social media profile on X.com (formerly twitter.com) under the handle @HardRockBet in connection with its business and commercial websites.

18. Plaintiffs are informed and believe and thereon allege that on June 1, 2024, following their publication and display of the Subject Photograph, SHRD reproduced, publicly displayed, and distributed the Subject Photograph online for commercial benefit, including without limitation on SHRD's commercial X/Twitter profile without Plaintiffs' authorization or consent ("Infringing Use"). A true and correct exemplar of the Infringing Use is depicted below:



**INFRINGING USE**

19. This exemplar is not meant to encompass all Infringing Uses; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photograph.

20. On information and belief, Plaintiffs allege that SHRB created unlawful derivatives of the Subject Photograph including by editing and cropping the Subject Photograph before exploiting same as depicted above.

21. A comparison of the Subject Photograph with the corresponding image of the Infringing Use reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the image is identical or at least substantially similar.

22. On information and belief, Plaintiffs allege that Defendants, and each of them, were involved in creating and/or developing the Infringing Use, and/or supplying, marketing distributing, selling, and otherwise providing the Infringing Use to third parties, including without limitation, the public.

23. Plaintiffs at no time authorized Defendants, or any of them, to use the Subject Photograph as complained of herein, and at no time did Defendants seek a license or authorization to use the Subject Photograph.

24. On June 30, 2025, Plaintiffs sent a letter to SHRB notifying them that their unauthorized exploitation of the Subject Photograph infringed upon Plaintiffs' copyrights, and demanding they cease and desist in same.

25. Despite this, the Infringing Use continued on SHRB's online profile and SHRB failed to reach reasonable resolution to this matter with Plaintiffs, necessitating this action.

## **FIRST CLAIM FOR RELIEF**

(Copyright Infringement - Against All Defendants, and Each)

26. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27. Plaintiffs allege on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Plaintiffs' websites or social media profiles, on other sites online, or in Plaintiffs' numerous online profiles. Access is further evidenced by the Subject Photograph's exact or near-exact reproduction in the Infringing Use.

28. Defendants, and each of them, infringed Plaintiffs' copyrights by copying, publishing, and displaying the Subject Photograph to the public, including without limitation, the website set forth above, without Plaintiffs' authorization or consent.

29. Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photograph. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph in an amount to be established at trial.

31. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, and which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one

hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

32. Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

33. Plaintiffs are informed and believe and thereon allege that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged herein. Such conduct included, without limitation, publishing the Subject Photograph obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photograph.

34. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website listing that incorporated the unauthorized copy of the Subject Photograph, and were able to supervise the publication of said post.

35. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

36. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photograph.

As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

37. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiffs' copyrights in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, catalogs, marketing and advertisement materials;

b. That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under 17 U.S.C. § 505, and other applicable law;

      c.      That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiffs' intellectual property rights;

      d.      That Plaintiffs be awarded their attorneys' fees as available under 17 U.S.C. § 505;

      e.      That Plaintiffs be awarded their costs and fees under the statutes set forth above;

      f.      That Plaintiffs be awarded statutory damages and/or penalties under the statues set forth above;

      g.      That Plaintiffs be awarded pre-judgment interest as allowed by law;

      h.      That Plaintiffs be awarded the costs of this action; and

      i.      That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: September 18, 2025  
New York, New York

                    Respectfully submitted,

                    DONIGER / BURROUGHS

                    By: */s/ Scott Alan Burroughs*  
                    Scott Alan Burroughs, Esq.  
                    David Michael Stuart Jenkins, Esq.  
                    247 Water Street, First Floor  
                    New York, New York 10038  
                    P: (310) 590-1820  
                    scott@donigerlawfirm.com  
                    djenkins@donigerlawfirm.com  
                    *Attorneys for Plaintiffs*